IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY LaKEITH GRIGSBY | § | |
| v. | § | CIVIL ACTION NO. 6:20cv635 |
| L.H. DRISKELL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Barry Grigsby filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole remaining Defendant is an officer named Bowen (possibly Bower) who has not been further identified.

Plaintiff stated that Sgt. Bowen was the driver of the van who took him to the hospital on July 1, 2019, after he fell out of a top bunk. The Court ordered Sgt. Bowen to answer the lawsuit, but the Office of the Attorney General filed a notice stating that Sgt. Bowen could not be identified. The Attorney General explained that there were 53 individuals named Bowen in TDCJ-CID's employment, but none had ever been assigned to the Gurney Unit, as Plaintiff represented. Additionally, the Attorney General stated that the Gurney Unit is no longer in operation, making it difficult to obtain shift rosters and inmate transfer records.

On September 29, 2022, the Court ordered the Attorney General to provide a status update concerning efforts to identify Sgt. Bowen. The Court directed Plaintiff to provide any identifying information he could, and on October 14, 2022, Plaintiff filed a notice stating that Sgt. Bowen was a white male, about 5'7" tall and about 55 years old. The Attorney General advised the Court that

old shift rosters and transfer records had again been requested from the Gurney Unit, but these records were unobtainable because the Gurney Unit is no longer in operation.

On December 19, 2022, the Court ordered the Attorney General to review available records to determine if the correct name of the Defendant was in fact Bower rather than Bowen. The Court also ordered that the Attorney General disclose all available records to Plaintiff from which the identity of this individual could be ascertained, including any shift rosters, duty rosters, transportation records, or medical records from the relevant time period. In the event that the Attorney General was unable to ascertain the proper name of the Defendant, the Court gave Plaintiff 60 days to provide the name, noting that the responsibility for effecting service, including identifying the proper defendants, rests at the end of the day with the plaintiff. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

On January 12, 2023, the Attorney General filed a status report stating that several diligent efforts have been made to identify Sgt. Bowen. The Attorney General stated that copies of the Gurney Unit shift rosters and medical transportation logs, which were previously unavailable, had been obtained, but these records did not reference any officer, of any rank, named Bowen or Bower. The Attorney General added that these records have been provided to Plaintiff for his review, and all other records which could plausibly aid in identifying this individual, including Plaintiff's medical records, were already produced during initial disclosure. Plaintiff has not contacted the Court with regard to Sgt. Bowen since the October 14, 2022 notice.

The Fifth Circuit has held that where the identity of defendants is unknown, the plaintiff should be given an opportunity through discovery to identify the unknown defendants. *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 n.20 (5th Cir. 1993). In *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992), the plaintiff sued unknown defendants, and the case was dismissed as frivolous on this basis; the Fifth Circuit remanded the case to the district court with instructions to allow the plaintiff to conduct discovery. The Court of Appeals explained that "the information that would

enable Murphy to identify his alleged attackers – e.g. duty rosters and personnel records – may be readily obtainable."

By contrast, in *Mendenhall v. Wilson*, civil action no. 5:07cv44, 2010 U.S. Dist. LEXIS 22806, 2010 WL 958043 (E.D.Tex., February 19, 2010), *Report adopted at* 2010 U.S. Dist. LEXIS 22825, 2010 WL 958060 (E.D.Tex., March 12, 2010), this Court ordered the disclosure of records to plaintiff to allow him to identify unknown defendants. In response to this order, the Attorney General provided initial and supplemental disclosure including shift rosters for the relevant date. The Attorney General also undertook efforts to assist the plaintiff by ascertaining the identity of the individuals involved. However, Plaintiff was unable to identify the individuals allegedly involved in the incidents forming the basis of the lawsuit, and the case was dismissed without prejudice, with the statute of limitations suspended for 120 days in the event that Plaintiff was able to ascertain the identities of the unknown defendants in that time.

As in *Mendenhall*, but unlike *Murphy*, Plaintiff here has been provided with discovery, including shift rosters, transportation logs, and medical records. He has also had ample time to review these records and determine the identity of the Defendant, if possible. The district court is not obligated to wait indefinitely for the plaintiff to take steps to identify and serve unknown defendants. *See Fiqueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998). Plaintiff's claims against Sgt. Bowen should be dismissed without prejudice, with the statute of limitations suspended for a period of 120 days following the date of entry of final judgment.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's claims against Sgt. Bowen be dismissed without prejudice. It is further recommended that the statute of limitations on these claims be suspended for a period of 120 days following the date of dismissal of these claims. Because Sgt. Bowen is the last remaining defendant in the case, it is further recommended that final judgment be entered in this case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Ci. 2017).

So ORDERED and SIGNED this 16th day of March, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE