IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BARRY LAKEITH GRIGSBY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-635-JDK-KNM |
| LT. DRISKELL, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Barry Grigsby, a Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

All Defendants in this case other than an officer identified as Sergeant Bowen have been dismissed. *See* Docket Nos. 24, 51. Plaintiff alleges that Sergeant Bowen drove the van that transported Plaintiff from the hospital back to the Gurney Unit on July 1, 2019. Docket No. 11 at 10–11. The Court ordered Defendant Bowen to answer the lawsuit, but the Texas Office of the Attorney General notified the Court that Bowen could not be identified. Docket No. 26 at 1. While TDCJ identified fifty-three TDCJ employees with the surname of Bowen, none had ever been assigned to the Gurney Unit. *Id.* at 1–2.

On September 29, 2022, the Court ordered the Attorney General to provide a

1

status update on efforts to identify Sergeant Bowen. Docket No. 46. The Court also directed Plaintiff to provide any known identifying information. *Id.* Plaintiff complied on October 14, 2022, stating that the officer was a white male, approximately 55 years old and about 5 feet 7 inches tall. Docket No. 48.

On December 19, 2022, the Court ordered the Attorney General to review the available records to determine if the officer's name was Bower rather than Bowen. Docket No. 53. The Court also ordered the Attorney General to disclose relevant records to Plaintiff to help identify Defendant Bowen, including shift rosters, duty rosters, transportation records, and medical records from the relevant time period. *Id.* In the event that the Attorney General could not ascertain the name, the Court gave Plaintiff sixty days to provide the name, observing that it is ultimately Plaintiff's responsibility to effect service, including identifying the proper defendants. *Id.* at 2 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

On January 12, 2023, the Attorney General filed a status report on the additional efforts made to identify Bowen. Docket No. 54. Copies of previously unavailable records had been obtained from the Gurney Unit, but these did not reference any officer, of any rank, named Bower or Bowen. The Attorney General stated that it had provided these records, and all other records which could plausibly aid in identifying this defendant, to Plaintiff. Plaintiff has not responded or otherwise identified Defendant Bowen.

On March 16, 2023, Judge Mitchell issued a Report recommending that the Court dismiss Plaintiff's claims against Defendant Bowen without prejudice. Docket

No. 55. The Report observed that pursuant to *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992), discovery had been ordered to provide Plaintiff the opportunity to identify the unknown defendant, but Plaintiff was unable to do so. The Report also recommended that the statute of limitations be suspended for a period of 120 days. *See Mendenhall v. Wilson*, 2010 WL 958060 (E.D. Tex. Mar. 12, 2010). Plaintiff received a copy of the Magistrate Judge's Report on March 22, 2023, but no objections have been filed.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not object in the prescribed period. The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews the legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to

law. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 55) as the findings of this Court. It is therefore **ORDERED** that Plaintiff's claims against Defendant Bowen are **DISMISSED** without prejudice. The statute of limitations is hereby **SUSPENDED** for a period of 120 days after entry of final judgment to allow Plaintiff to refile, should he choose to do so, if he can identify Sergeant Bowen.

**Signed this**
**May 4, 2023**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE